1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   AMANDA LOCKHART (State Bar No. 289900)
2  THOMAS E. FRANKOVICH,
   **A PROFESSIONAL LAW CORPORATION**
3  702 Mangrove Ave., #304
   Chico, CA 95926
4  Telephone:     (415) 444-5800
   Facsimile:     (415) 674-9900
5  Email: tfrankovich@disabilitieslaw.com
          alockhart@disabilitieslaw.com
6

7  Attorney for Plaintiff
   BYRON CHAPMAN,
8

9

10

11
                   **UNITED STATES DISTRICT COURT**
12
                   **CENTRAL DISTRICT OF CALIFORNIA**
13

14                                    )   **CASE NO.**
   BYRON CHAPMAN,                     )   **Civil Rights**
15                                    )
          Plaintiff,                  )   **COMPLAINT FOR INJUNCTIVE RELIEF**
16                                    )   **AND DAMAGES:**
   v.                                 )
17                                    )   **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
   Giovanni's Pizza; Jerry Van Wingerden; )   by a Public Accommodation in Violation of the
18 Beverly Van Wingerden,             )   Americans with Disabilities Act of 1990 (42
                                      )   U.S.C. §12101, *et seq.*)
19        Defendants,                 )
                                      )   **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
20 _____)   and Equal Access in Violation of California
                                          Civil Code §§54, 54.1 and 54.3
21
                                          **3ʳᵈ CAUSE OF ACTION:** For Denial of
22                                        Accessible Sanitary Facilities in Violation of
                                          California Health & Safety Code §19955, *et seq.*
23
                                          **4ᵗʰ CAUSE OF ACTION:** For Denial of
24                                        Access to Full and Equal Accommodations,
                                          Advantages, Facilities, Privileges and/or
25                                        Services in Violation of California Civil Code
                                          §51, *et seq.* (The Unruh Civil Rights Act)
26
                                          **DEMAND FOR JURY**
27

28

          COMPLAINT FOR INJUNCTIVE  RELIEF AND DAMAGES                        1

1  Plaintiff  BYRON CHAPMAN, complains of defendants Jerry Van Wingerden; Beverly

2  Van Wingerden and alleges as follows:

3  **INTRODUCTION:**

4  1.  This is a civil rights action for discrimination against persons with physical

5  disabilities, of which class plaintiff  BYRON CHAPMAN and the disability community are

6  members, including but not limited to 4A4U,  for failure to remove architectural barriers

7  structural in nature at defendants' Giovanni's Pizza, a place of public accommodation, thereby

8  discriminatorily denying plaintiff and the class of other similarly situated persons with physical

9  disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit

10  from, the goods, facilities, services, and accommodations thereof.  Plaintiff seeks injunctive

11  relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101,

12  *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code

13  §19955, *et seq.*

14  2.  Plaintiff  brings this action acting as a "private attorney general" privatizing

15  enforcement of the American with Disabilities Act of 1990 ("ADA") without the American tax

16  payer(s) bearing the financial tax burden for such action.

17  3.  Plaintiff is a person with physical disabilities who, on or about December 15,

18  2016, May 25, 2017 and May 24, 2018 (and **deterred** thereafter), was an invitee, guest, patron,

19  customer at defendants' Giovanni's Pizza, in the City of Carpinteria, California.  At said time(s)

20  and place, defendants failed to provide proper legal access to the pizza store, which is a "public

21  accommodation" and/or a "public facility" including, but not limited to accessible routes,

22  parking, parking signage, service counter, men and women restrooms.  The denial of access was

23  in violation of both federal and California legal requirements, and plaintiff suffered violation of

24  his civil rights to full and equal access, and was embarrassed and humiliated.

25  **JURISDICTION AND VENUE:**

26  4.  **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

27  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

28  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

1   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2   California law, whose goals are closely tied with the ADA, including but not limited to violations

3   of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

4   *seq.*, including §19959; and California Building Code.

5        5.   **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6   founded on the facts that the real property which is the subject of this action is located at/near

7   5003 Carpinteria, in the City of Carpinteria, County of Santa Barbara, State of California, and

8   that plaintiff's causes of action arose in this county.

9   **PARTIES:**

10        6.   Plaintiff  BYRON CHAPMAN is a "physically handicapped person," a

11   "physically disabled person," and a "person with physical disabilities" (hereinafter the terms

12   "physically disabled", "physically handicapped" and "person with physical disabilities" are used

13   interchangeably, as these words have similar or identical common usage and legal meaning, but

14   the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15   handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

16   statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

17   BYRON CHAPMAN is a "person with physical disabilities", as defined by all applicable

18   California and United States laws.  Plaintiff  BYRON CHAPMAN has a spinal cord injury which

19   affects both lower extremities (i.e., right leg has no motor skills but heightened sensitivity and

20   left leg has approximately 15% to 20% motor skills and no sensitivity).  Plaintiff  BYRON

21   CHAPMAN relies primarily on a wheelchair to travel about in public.   Consequently, plaintiff

22   BYRON CHAPMAN is a member of that portion of the public whose rights are protected by the

23   provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations

24   by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil

25   Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with

26   Disabilities Act, 42 U.S.C. §12101, *et seq.*

27   ///

28   ///

7.   **DEFINITIONS:**

a.   **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and 2010 ADA Standards

b.   **2010 ADA STANDARDS** - The revised regulations for Title II and III of the Americans with Disabilities Act of 1990 in the Federal Register as of September 15, 2010;

c.   **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm. (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

d.   **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e.   **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are

1       noncomplying or where the combination thereof creates a category. For

2       example: such as a parking lot, entrance, restroom, lobby, guest room,

3       dining area.

4       f.    **PHYSICAL FEATURES** - Are synonymous with "Elements."

5       g.    **FACILITY -** All or any portion of buildings, structures, site

6       improvements, complexes, equipment, roads, walks, passageways, parking

7       lots, or other real or personal property located on a site.

8       h.    **ENTRANCE -** Any access point to a building or portion of a building or

9       facility used for the purpose of entering. An entrance includes the

10      approach walk, the vertical access leading to the entrance platform, the

11      entrance platform itself, vestibules if provided, the entry door(s) or

12      gate(s), and the hardware of the entry door(s) or gate(s).

13      i.    **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground

14      space required to accommodate a single, stationary wheelchair and

15      occupant.

16      j.    **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all

17      accessible elements and spaces of a building or facility. Interior accessible

18      routes may include corridors, floors, ramps, elevators, lifts, and clear floor

19      space at fixtures. Exterior accessible routes may include parking access

20      aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

21      k.    **PATH OF TRAVEL -** A continuous path connecting all elements and

22      spaces of a building or facility.

23      l.    **NON COMPLYING -** Not complying with ADAAG and/or the "Readily

24      Achievable Standard" of 28 CFR §36.304.

25 **PRELIMINARY FACTUAL ALLEGATIONS:**

26      8.    Plaintiff BYRON CHAPMAN is a "person with physical disabilities," as defined

27 by all applicable California and United States laws. Plaintiff BYRON CHAPMAN has a spinal

28 cord injury which affects both lower extremities (i.e., right leg has no motor skills but

heightened sensitivity and left leg has approximately 15% to 20% motor skills and no sensitivity).

9.     Giovanni's Pizza, is a restaurant, located at/near 5003 Carpinteria, Carpinteria, California.  Giovanni's Pizza, its accessible routes, parking, parking signage, service counter, men and women restrooms**,** and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the pizza store and each of its facilities, its accessible routes, parking, parking signage, service counter, men and women restrooms to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

10.    Defendants Jerry Van Wingerden; Beverly Van Wingerden are the owners of the real property (land and building) located at or near 5003 Carpinteria, Carpinteria, California.

11.    Albert Noormand,  Sharon Lee Noormand and Darush Babai are the operators, tenants and/or sublessors and/or lessees, of the public accommodation known as Giovanni's Pizza, located at/near 5003 Carpinteria, Carpinteria,  California, or of the building and/or buildings which constitute said public accommodation.

12.    At all times relevant to this complaint, defendants Jerry Van Wingerden; Beverly Van Wingerden and Albert Noormand,  Sharon Lee Noormand and Darush Babai, own and operate in joint venture the subject Giovanni's Pizzaas a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

13.    On or about February, 1990, defendants Jerry Van Wingerden; Beverly Van Wingerden  and each of them purchased and/or took possessory control of the premises now known as Giovanni's Pizza.  At all times after July, 1990, defendants' and each of them were aware of their obligation that each of them had a duty to identify and remove architectural

barriers and were aware that Giovanni's Pizza was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated Giovanni's Pizza as though it was accessible.

14.    At all times relevant to this complaint, defendants Jerry Van Wingerden; Beverly Van Wingerden and Albert Noormand,  Sharon Lee Noormand and Darush Babaiare jointly and severally responsible to identify and remove architectural barriers at the subject pizza store pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201        General**
>
> (b)    *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
> 28 CFR §36.201(b)

15.    At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

16.    At all times referred to herein and continuing to the present time, defendant(s), and each of them, advertised, publicized and held out Giovanni's Pizza as being handicapped accessible and handicapped usable.

17.    At some of the times stated herein, plaintiff  BYRON CHAPMAN was in Carpinteria,, for the purposes of: driving the coast, purchasing fuel for the trip and having food and beverage during the trip to Los Angeles.

18.    On or about December 15, 2016, May 25, 2017 and May 24, 2018, plaintiff BYRON CHAPMAN was an invitee and guest at the subject Giovanni's Pizza , with his wife, Judi Chapman, for purposes of  having food and beverage.

///

19.     On or about December 15, 2016, May 25, 2017 and May 24, 2018 plaintiff BYRON CHAPMAN encountered the following architectural barriers in the parking lot of Giovanni's Pizza and as a legal result had the following adverse experiences: There was no signage for disabled parking and no van accessible parking.  As a legal result plaintiff could not park in the parking lot and was compelled to park two blocks away.

20.     On or about December 15, 2016 and May 25, 2017 plaintiff  BYRON CHAPMAN encountered the following architectural barriers at/in the dining area of  Giovanni's Pizza and as a legal result had the following adverse experiences: There were few accessible routes between tables/ as a legal result plaintiff  BYRON CHAPMAN had difficulty passing by/through the chairs to go to the men's restroom.  Plaintiff  BYRON CHAPMAN had to have his wife, Judi Chapman, move the chairs out of his way.

21.     On or about  December 15, 2016 and May 25, 2017 plaintiff  BYRON CHAPMAN  encountered the following architectural barriers in the men's restroom and as a legal result had the following adverse experiences: The toilet seat was to low making it difficult for  plaintiff  BYRON CHAPMAN to transfer to and from his wheelchair; the toilet paper dispenser was above the grab bar making it difficult for plaintiff  BYRON CHAPMAN to use the grab bar; the flush control was on the narrow side making it difficult for plaintiff  BYRON CHAPMAN to reach and flush; the lavatory was in a cabinet / as a legal result plaintiff  BYRON CHAPMAN could not reach the controls unless he positioned his wheelchair sideways causing him to get water on his clothes because the reach stretch was with only one hand.

22.     On or about  December 15, 2016 and May 25, 2017 plaintiff  BYRON CHAPMAN encountered the following architectural barriers at the service area of Giovanni's Pizza and as a legal result had the following adverse experiences: The service counter was to high/as a legal result plaintiff  BYRON CHAPMAN struggled to use it.

23.     On or about December 15, 2016, plaintiff  BYRON CHAPMAN wrote a note to the management of Giovanni's Pizza and gave it to Johnny.  Plaintiff  BYRON CHAPMAN wrote:

///

"Johnny please give to manager.

I was a patron at your business today.  Your salad and pizza were great!  Service was also very good.  However my experience dining here could have been more enjoyable.

You had empty parking spaces but no disability parking! Your order and cashier counter are to high for a wheelchair user.

It was difficult moving between the tables and chairs to get to a table that would accommodate my wheelchair.  When in your men's restroom, the toilet seat seemed very low to the floor and made it very difficult to get on and off it, plus the toilet paper dispenser made hard to grab the grab bar because it is over the bar and hard to reach flush control. Last, the sink was extremely hard to use because i could not get my foot rest and knees under the sink due to the cabinet under it.  My wife and I really enjoyed the food and look forward to and look forward to coming back for your great pizza.  Please write me back in a day or two and let me know what you are going to do to fix it and when you will get it done!"

Plaintiff  BYRON CHAPMAN never received a response.

24.    On or about May 24, 2018, plaintiff  BYRON CHAPMAN encountered the following architectural barriers at/in the parking lot of Giovanni's Pizza and as a legal result had the following adverse experiences: There was still no accessible parking/as a legal result plaintiff could not park and was compelled to leave.

25.    On or about May 31, 2018, and thereafter, plaintiff would have returned to Giovanni's Pizza  but was deterred from returning for the fear that once he returned, he would encounter all of the same architectural barriers as on the first visit and that not even the easiest barrier(s) would have been removed such as the following: raising the toilet seat and removing the lavatory cabinet, to make it easier to enjoy the goods, services and opportunities afforded

by this public accommodation.

26.     At said time(s) and place, plaintiff BYRON CHAPMAN had need to use a restroom.  It did not matter whether it was designated as a men's or women's restroom as long as it was accessible.

27.     Therefore, at said time(s) and place, plaintiff BYRON CHAPMAN,  encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

28.     Specific architectural barriers encountered by plaintiff BYRON CHAPMAN at time(s) and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiff as stated herein, the barriers include but are not limited to:

**PARKING**

•     no van accessible parking stall(s) and access aisle(s);

•     no disabled parking Fine($250) sign;

•     no tow-a-way signage with phone number;

**ENTRANCE**

•     no International Symbol of Accessability (ISA) signage

**DINING**

•     service counter too high;

**PATH OF TRAVEL**

•     narrow aisle(s) between table(s);

**RESTROOMS**

•     noncomplying: men's and women's restroom;

•     toilet that is not usable in whole or in part;

•     flush control of toilet on the narrow side between wall and toilet tank; wrong side;

1          •       toilet paper dispenser located too high/not usable;

2          •       toilet paper dispenser also too high and/or not properly placed;

3          •       lavatory in cabinet;

4    Therefore, as a legal result of encountering each of said elements, plaintiff experienced one, all,

5    or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his

6    upper extremities in attempting to and/or using said elements also causing anxiety,

7    disappointment, and embarrassment.

8          29.     At all time(s) as stated herein, plaintiff encountered architectural barrier(s) as

9    stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile

10   gesture to attempt to overcome it/them because of his disability.

11         30.     At all times stated herein, it was "readily achievable" for defendants to remove

12   some and/or all of the architectural barriers complained of over a reasonable period of time from

13   the date that defendants initially took possession to meet the affirmative duty to identify and

14   remove architectural barriers where it is readily achievable to do so.  In that regard, defendants

15   could have but did not avail themselves of the tax deduction and tax credits provided by  Internal

16   Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

17         31.     At all time(s) and place, each architectural element as stated herein that did

18    not strictly comply with or substantially comply with the ADAAG minimum requirements

19   constituted an architectural barrier which precluded plaintiff from full and equal opportunities

20   afforded to non disabled persons to the goods and services of Giovanni's Pizza.

21         32.     Plaintiff was and is deterred from returning to Giovanni's Pizza so long as

22    architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG

23   compliant.

24         33.     At said time(s) and place, when plaintiff encountered the architectural barriers as

25    stated herein, and/or in seeing a barrier(s) and/or attempting to overcome the barriers to gain

26   access experienced any one or combination of physical difficulty, discomfort, embarrassment,

27   stress, strain, fatigue, anger, annoyance and disappointment.  This arose from plaintiff's physical

28   inability to effectively use his upper extremities to easily overcome the architectural barriers as

1   stated herein.  This constitutes a denial of full and equal access to the subject public

2   accommodation and a denial of the opportunity to independently enjoy and participate in the

3   opportunities, goods and services offered to non disabled persons and patrons, invitees and

4   guests.

5         34.    Said architectural barrier(s) as stated herein deprived and deterred plaintiff the

6   same full and equal access that a non wheelchair user/non disabled person would enjoy while

7   while engaging in the goods, service and opportunities offered at the subject Giovanni's Pizza.

8         35.    At all times stated herein, the existence of architectural barriers at

9   defendants' place of public accommodation evidenced "actual notice" of defendants  intent not

10  to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

11        36.    As a legal result of defendants  and each of their failure to act as a reasonable and

12  prudent public accommodation in identifying, removing or creating architectural barriers,

13  policies, practices and procedures that denied access to plaintiff  and other persons with

14  disabilities, plaintiff suffered the damages as alleged herein.

15        37.    As a result of the denial of equal access to defendant(/s/') facilities due to the acts

16  and omissions of defendants, and each of them, in owning, operating and maintaining these

17  subject public facilities, plaintiff  BYRON CHAPMAN suffered violations of plaintiff's civil

18  rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

19  And, plaintiff  BYRON CHAPMAN suffered bodily injury at time(s) stated herein.  And/or as a

20  legal result of encountering  architectural barriers experienced one or a combination of:

21  difficulty, discomfort and embarrassment.   Specifically, as a legal result of defendants

22  negligence in the design, construction and maintenance of the existing service counter, plaintiff

23  suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting

24  to pay for his food and beverage.

25        38.    Further, plaintiff suffered emotional distress, mental distress, mental suffering,

26  mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset,

27  anger, frustration, disappointment and worry, expectedly and naturally associated with a person

28  with physical disabilities encountering architectural barrier(s) as stated herein and being denied

access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

39.   Defendants Jerry Van Wingerden; Beverly Van Wingerden, and each of their, failure to remove the architectural barriers complained of  herein created, at the time of plaintiff's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff harm as stated herein.

40.   Plaintiff  BYRON CHAPMAN was denied his rights to equal access to a public facility by defendants Jerry Van Wingerden; Beverly Van Wingerden and Albert Noormand, Sharon Lee Noormand and Darush Babaiare , because defendants Jerry Van Wingerden; Beverly  Van Wingerden and Albert Noormand,  Sharon Lee Noormand and Darush Babaiare maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the accessible routes, parking, parking signage, service counter, men and women restrooms and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

41.   Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

42.   Defendants  may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

43.   Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

///

44.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiff seeks an order from this court compelling defendants to make the Giovanni's Pizza accessible to persons with disabilities.

45.     Plaintiff, as described herein below, seeks injunctive relief to require the pizza store to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the store as a public facility.

46.     Plaintiffs believes that even with service of the summons and complaint on defendants and each of them, that defendants will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

47.     Plaintiff seeks damages for violation of his civil rights on December 15, 2016, May 25, 2017 and May 24, 2018 and **deterrence occasion(s)** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a), for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.  The acts and omission of defendant(s), and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendant(s), and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a

1   more profound example of defendants, and each of them, to other operators and landlords of

2   other pizza stores and other public facilities, and to punish defendants and to carry out the

3   purposes of the Civil Code §§ 51, 51.5 and 54.

4        48.     At all times stated herein and for post complaint occasions, plaintiff has an

5   absolute unfettered civil right to return to the public accommodation(s) complained of within

6   thirty (30) day intervals until defendants remove all architectural barriers under their continuing

7   obligation to identify and remove architectural barriers.

8        49.     Plaintiff is informed and believes and therefore alleges that defendants Jerry Van

9   Wingerden and Beverly Van Wingerden and each of them, caused the subject building(s) which

10  constitute the Giovanni's Pizza to be constructed, altered and maintained in such a manner that

11  persons with physical disabilities were denied full and equal access to, within and throughout

12  said building(s) of the Giovanni's Pizza and were denied full and equal use of said public

13  facilities.  Furthermore, on information and belief, defendants have continued to maintain and

14  operate said Giovanni's Pizza and/or its building(s) in such conditions up to the present time,

15  despite actual and constructive notice to such defendants that the configuration of Giovanni's

16  Pizza and/or its building(s) is in violation of the civil rights of persons with physical disabilities,

17  such as plaintiff and other members of the disability community.  Such construction,

18  modification, ownership, operation, maintenance and practices of such public facilities are in

19  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

20  U.S.C. §12101, *et seq.*

21       50.     Defendants actual and constructive notice that the physical configuration of the

22  facilities including, but not limited to, architectural barriers constituting  Giovanni's Pizza and/or

23  building(s) was in violation of the civil rights of persons with physical disabilities, such as

24  plaintiff, includes, but is not limited to, coming into contact with public accommodations with

25  accessible elements and facilities since January 26, 1991, communications with invitees and

26  guests, plaintiff  Byron Chapman himself, possibly sponsors of conferences, owners of other

27  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies

28  upon modification, improvement, or substantial repair of the subject premises and other

properties owned by these defendants, newspaper articles and trade publications regarding the

Americans with Disabilities Act of 1990 and other access laws, public service announcements by

former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

Defendants failure, under state and federal law, to make Giovanni's Pizza accessible is further

evidence of defendants conscious disregard for the rights of plaintiff and other similarly situated

persons with disabilities.  Despite being informed of such effect on plaintiff and other persons

with physical disabilities due to the lack of accessible facilities, defendant(s), and each of them,

knowingly and willfully refused to take any steps to rectify the situation and to provide full and

equal access for plaintiff and other persons with physical disabilities to the pizza store.  Said

defendants, and each of them, have continued such practices, in conscious disregard for the rights

of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint,

and continuing thereon.  Defendants had further actual knowledge of the architectural barriers

referred to herein by virtue of the demand letter addressed to the defendants and served

concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it

was and is having on plaintiff and other persons with physical disabilities, constitutes despicable

conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated

persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

51.    Plaintiff  BYRON CHAPMAN and the disability community, including 4A4U,

consisting of persons with disabilities, would, could and will return to the subject public

accommodation when it is made accessible to persons with disabilities.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
         ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
         DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
         (On behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants Jerry Van
         Wingerden; Beverly Van Wingerden, inclusive)
         (42 U.S.C. §12101, *et seq.*)

52.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 51 of this complaint.

53.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more

fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

54.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

55.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> 42 U.S.C. §12181(7)(B)

56.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

57.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

58.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of Giovanni's Pizza pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if

1  the removal of all the barriers complained of herein together was not "readily achievable," the

2  removal of each individual barrier complained of herein was "readily achievable."  On

3  information and belief, defendants' failure to remove said barriers was likewise due to

4  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

5  (b)(2)(A)(i)and (ii).

6      59.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

7  accomplishable and able to be carried out without much difficulty or expense."  The statute

8  defines relative "expense" in part in relation to the total financial resources of the entities

9  involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that

10  plaintiff complains of herein were and are "readily achievable" by the defendants under the

11  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

12  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

13  make the required services available through alternative methods which were readily achievable.

14      60.    On information and belief, construction work on, and modifications of, the subject

15  building(s) of Giovanni's Pizza occurred after the compliance date for the Americans with

16  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III

17  of the ADA.

18      61.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

19  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

20  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

21  of disability in violation of this title or have reasonable grounds for believing that plaintiff is

22  about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning

23  to or making use of the public facilities complained of herein so long as the premises and

24  defendants' policies bar full and equal use by persons with physical disabilities.

25      62.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with

26  a disability to engage in a futile gesture if such person has actual notice that a person or

27  organization covered by this title does not intend to comply with its provisions."  Pursuant to

28  this section, plaintiff  BYRON CHAPMAN has not returned to defendants' premises since on or

about May 24, 2018, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

63.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants Jerry Van Wingerden; Beverly Van Wingerden, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

64.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 63 of this complaint.

65.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

66.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised,

licensed, contracted, or otherwise provided), telephone facilities,
adoption agencies, private schools, hotels, lodging places, places of
public accommodation, amusement or resort, and other places to
which the general public is invited, subject only to the conditions
and limitations established by law, or state or federal regulation,
and applicable alike to all persons.

Civil Code §54.1(a)(1)

67.     California Civil Code §54.1 further provides that a violation of the Americans

with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336)
also constitutes a violation of this section, and nothing in this
section shall be construed to limit the access of any person in
violation of that act.

Civil Code §54.1(d)

68.     Plaintiff  BYRON CHAPMAN is a person within the meaning of Civil Code

§54.1 whose rights have been infringed upon and violated by the defendant(s), and each of them,

as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which

defendant(s) knowingly and willfully fail and refuse to remove constitutes a separate act in

violation of Civil Code §§54 and 54.1.  Plaintiff  has been and continues to be denied full and

equal access to defendants' Giovanni's Pizza.  As a legal result, plaintiff is entitled to seek

damages pursuant to a court or jury determination, in accordance with California Civil Code

§54.3(a) for each day on which he visited or have been deterred from visiting Giovanni's Pizza

because of  his knowledge and belief that the store is inaccessible to persons with disabilities.

 California Civil Code §54.3(a) provides:

Any person or persons, firm or corporation, who denies or
interferes with admittance to or enjoyment of the public facilities
as specified in Sections 54 and 54.1 or otherwise interferes with
the rights of an individual with a disability under Sections 54, 54.1
and 54.2 is liable for each offense for the actual damages and any
amount as may be determined by a jury, or the court sitting without
a jury, up to a maximum of three times the amount of actual
damages but in no case less than . . .one thousand dollars ($1,000)
and . . . attorney's fees as may be determined by the court in
addition thereto, suffered by any person denied any of the rights
provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

69.     On or about December 15, 2016, May 25, 2017 and May 24, 2018, and **deterrence occasion(s)** plaintiff  BYRON CHAPMAN suffered violations of Civil Code §§54 and 54.1 in that plaintiff was denied access to accessible routes, parking, parking signage, service counter, men and women restrooms and other public facilities as stated herein at the Giovanni's Pizza and on the basis that plaintiff BYRON CHAPMAN was a person with physical disabilities.

70.     As a result of the denial of equal access to defendants' facilities due to the acts  and omissions of defendant(s), and each of them, in owning, operating and maintaining these subject public facilities, plaintiff  BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff  BYRON CHAPMAN suffered bodily injury at time(s) stated herein.  And/or as a legal result of encountering  architectural barriers experienced one or a combination of: difficulty, discomfort and embarrassment. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing service counter, plaintiff suffered continuous, repetitive and cumulative trauma to his/her right/left upper extremities while attempting to use the counter top.

71.     Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

72.     Plaintiff has been damaged by defendants, and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about December 15, 2016, May 25, 2017 and May 24, 2018 *and* **deterrence occasion(s)**, and on a

1    continuing basis since then, including statutory damages, a trebling of all of actual damages,

2    general and special damages available pursuant to §54.3 of the Civil Code according to proof.

3         73.   As a result of defendants, and each of their, acts and omissions in this regard,

4    plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

5    plaintiff's rights and enforce the provisions of the law protecting access for persons with

6    physical disabilities and prohibiting discrimination against persons with physical disabilities.

7    Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this

8    lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

9    Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to

10   plaintiff, but also to compel the defendants to make their facilities accessible to all members of

11   the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

12   party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

13   **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
           FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
14         (On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants  Jerry Van
           Wingerden; Beverly Van Wingerden, inclusive)
15         (Health & Safety Code §19955, *et seq.*)

16         74.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

17   the allegations contained in paragraphs 1 through 73 of this complaint.

18         75.   Health & Safety Code §19955 provides in pertinent part:

19              The purpose of this part is to insure that public accommodations or
                facilities constructed in this state with private funds adhere to the
20              provisions of Chapter 7 (commencing with Sec. 4450) of Division
                5 of Title 1 of the Government Code.  For the purposes of this part
21              "public accommodation or facilities" means a building, structure,
                facility, complex, or improved area which is used by the general
22              public and shall include auditoriums, hospitals, theaters,
                restaurants, hotels, motels, stadiums, and convention centers.
23              When sanitary facilities are made available for the public, clients or
                employees in such accommodations or facilities, they shall be
24              made available for the handicapped.

25         76.   Health & Safety Code §19956, which appears in the same chapter as §19955,

26   provides in pertinent part, "accommodations constructed in this state shall conform to the

27   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

28   Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

public accommodations constructed or altered after that date.  On information and belief, portions of Giovanni's Pizza and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Giovanni's Pizza and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said public accommodation  and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

77.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of Giovanni's Pizza and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

78.     Public restaurants such as  Giovanni's Pizza are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

79.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

80.     Attorneys' Fees -- As a result of defendants acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with

physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

81.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

**IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants  Jerry Van Wingerden; Beverly Van Wingerden, inclusive)
(Civil Code §51, 51.5)

82.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 81 of this complaint.

83.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendant(s), and each of them.

84.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

///

COMPLAINT FOR INJUNCTIVE  RELIEF AND DAMAGES

85.     Defendants acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at ¶52, *et seq*., as if repled herein.

86.     As a result of the denial of equal access to defendants facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff  BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.  And, plaintiff  BYRON CHAPMAN suffered bodily injury at time(s) stated herein.  And/or as a legal result of encountering  architectural barriers experienced one or a combination of: difficulty, discomfort and embarrassment. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing service counter, plaintiff  BYRON CHAPMAN suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to pay for his food and beverage.

87.     Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

88.     Plaintiff is entitled to the rights and remedies of §52(a) of the Civil Code,

1    including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special

2    and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

3    statute, according to proof if deemed to be the prevailing party.

4    **PRAYER:**

5         Plaintiff prays that this court award damages and provide relief as follows:

6    **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS
7        WITH DISABILITIES ACT  OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
         (On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants Jerry Van
8        Wingerden; Beverly Van Wingerden, inclusive)
         (42 U.S.C. §12101, *et seq.*)
9

10        1.    For injunctive relief, compelling defendants Jerry Van Wingerden; Beverly

11   Van Wingerden, inclusive, to make the Giovanni's Pizza, located at 5003 Carpinteria,

12   Carpinteria, California, readily accessible to and usable by individuals with disabilities, per

13   42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice,

14   eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

15   privileges, advantages and accommodations being offered;

16        2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed

17   the prevailing party; and

18        3.    For such other and further relief as the court may deem proper.

19   **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
         EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
20       AND 54.3, *ET SEQ.***
         (On Behalf of Plaintiff  BYRON CHAPMAN, and Against  Defendants Jerry Van
21       Wingerden; Beverly Van Wingerden, inclusive)
         (California Civil Code §§54, 54.1, 54.3, *et seq.*)
22

23        1.    For injunctive relief, compelling defendants Jerry Van Wingerden; Beverly

24   Van Wingerden, inclusive, to make the Giovanni's Pizza, located at 5003 Carpinteria,

25   Carpinteria, California, readily accessible to and usable by individuals with disabilities, per

26   state law.

27        2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and

28   for each occasion on which plaintiff was deterred from returning to the subject public

1    accommodation;

2       3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure

3    §1021.5, if plaintiffs are deemed the prevailing party;

4       4.      Treble damages pursuant to Civil Code §54.3;

5       5.      General damages according to proof;

6       6.      For all costs of suit;

7       7.      Prejudgment interest pursuant to Civil Code §3291; and

8       8.      Such other and further relief as the court may deem just and proper.

9    **III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
10        §19955, *ET. SEQ.***
          (On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants Jerry Van
11        Wingerden; Beverly Van Wingerden, inclusive)
          (Health & Safety code §19955, *et seq.*)

12

13      1.      For injunctive relief, compelling defendants Jerry Van Wingerden; Beverly

14   Van Wingerden, inclusive, to make the Giovanni's Pizza, located at 5003 Carpinteria,

15   Carpinteria, California, readily accessible to and usable by individuals with disabilities, per

16   state law;

17      2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18   alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

19      3.      For all costs of suit;

20      4.      For prejudgment interest pursuant to Civil Code §3291;

21      5.      Such other and further relief as the court may deem just and proper.

22   **IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS
          TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES,
23        FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF
          CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS
24        ACT)**
          (On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants Jerry Van
25        Wingerden; Beverly Van Wingerden, inclusive)
          (California Civil Code §§51, 51.5, *et seq.*)

26

27      1.      For injunctive relief, compelling defendants Jerry Van Wingerden; Beverly

28   Van Wingerden, inclusive, to make the Giovanni's Pizza, located at 5003 Carpinteria,

Carpinteria, California, readily accessible to and usable by individuals with disabilities, per state law;

     2.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

     3.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

     4.     General damages according to proof;

     5.     Treble damages pursuant to Civil Code §52(a);

     6.     For all costs of suit;

     7.     Prejudgment interest pursuant to Civil Code §3291; and

     8.     Such other and further relief as the court may deem just and proper.

Dated: July 31, 2018          THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*

                                By: /s/ Thomas E. Frankovich
                                    Thomas E. Frankovich
                               Attorney for Plaintiff  Byron Chapman

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 31, , 2018         THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*

                                By: /s/  Thomas E. Frankovich
                                    Thomas E. Frankovich
                               Attorney for Plaintiff  Byron Chapman